Soheyl Tahsildoost (Bar No. 271294)
Mehgan Gallagher (Bar No. 338699)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYLENE BELIGAN,<br><br>        Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: 8:22-cv-2035<br>[Orange County Superior Court Case No. 30-2022-01283582-CU-BC-CJC]<br><br>**MERCEDES-BENZ USA, LLC S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**<br><br>Complaint Filed:   September 28, 2022 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Mercedes-Benz USA, LLC ("MBUSA") by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.  Defendant MBUSA states as follows:

**Jurisdiction and Authority for Removal**

    1)   On September 28, 2022, an action was commenced by Plaintiff Jaylene Beligan ("Plaintiff") against Defendant MBUSA in the Superior Court of the State of California for the County of Orange, entitled "JAYLENE BELIGAN v. MERCEDES-

1

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

BENZ USA, LLC, and DOES 1 through 100, inclusive" ("State Court Case"), Case No. 30-2022-01283582-CU-BC-CJC. The summons and complaint were served on Defendant MBUSA on October 6, 2022. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing Defendant MBUSA in the State Court Case, including a copy of the conformed State Court Case complaint. (Exhibit A to Gallagher Decl.)

3) The Central District of California encompasses Orange County. Venue is appropriate based on the fact that this action was filed in Orange County and based on the allegations in the Complaint in the State Court Case.

4) This Court has complete diversity jurisdiction over this action. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 20 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

5) Plaintiff Jaylene Beligan, at the time this action was commenced, was and still is a citizen of the State of California, County of Orange. (Exhibit A to Gallagher Decl., Complaint ¶ 1).

6) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings,* LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). A member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code, § 17701.02(p); 6 Del. Code, § 18-101(11).

7) MBUSA is the only named Defendant in this action. (Exhibit A to Gallagher Decl., Complaint) Defendant MBUSA, at the time this action was commenced, was and

2

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Gallagher Decl. ¶ 4; **Exhibit C.**) The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. (*Id.*) Neither MBUSA nor its sole member is a citizen of the State of California. (*Id.*)

8) Complete diversity therefore existed as of the time the action was commenced in state Court and exists at the time of removal. There are no other named Defendants that can defeat diversity. "Doe" Defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).

9) Plaintiff is alleging multiple violations of the Song-Beverly Consumer Warranty Act. Plaintiff alleges that Plaintiff purchased the vehicle on or about February 7, 2022. (Exhibit A to Gallagher Decl., Complaint ¶ 8.)

10) Plaintiff is seeking replacement or restitution, including the entire price paid or payable for the subject vehicle, incidental and consequential damages, a civil penalty in an amount not to exceed two times the amount of Plaintiff's actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, and costs of suit. (Exhibit A to Gallagher Decl., Complaint ¶ 18, 27, 31, 37, 40; p. 7-9, Prayer for Relief.). **Exhibit B** to the Declaration of Mehgan Gallagher demonstrates that the value for the Subject Vehicle with standard equipment, with 64,500 miles on the odometer, and in the Orange County market is $25,088.00. (Exhibit B to Gallagher Decl.) The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. See *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

11) Civil penalties under the Song-Beverly Act are properly included in the

3

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See* also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014). Additionally, Plaintiff seeks incidental and consequential damages. Plaintiff's civil penalty claim requests a penalty equal to double the amount of the paid or payable damages and incidental and consequential damages. Therefore, the potential liability to MBUSA in this action, assuming a maximum civil penalty award but without any consideration of claimed incidental or consequential damages, and accounting for any buyout of the vehicle is $75,264.00. The amount in controversy of $75,000.00 is met.

12) Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate lndem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue*, *Inc*., 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002);

4

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

*Gerig v. Krause Publications, Inc.*, 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.*, 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. (*Id.* at 1010-1011.) Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

13) Defendant MBUSA will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Orange pursuant to 28 U.S.C. § 1446(d).

Dated:  November 7, 2022        THETA LAW FIRM, LLP



MEHGAN GALLAGHER
Attorney for Defendant Mercedes-Benz USA, LLC

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

## DECLARATION OF MEHGAN GALLAGHER

I, Mehgan Gallagher, declare as follows:

1. I am an associate in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Mercedes-Benz USA, LLC ("MBUSA"). This declaration is offered in support of MBUSA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant MBUSA was served with Plaintiff's Summons and Complaint on October 6, 2022. A true and correct copy of all the documents served on Defendant MBUSA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

3. On November 7, 2022, I went to Kelly Blue Book's ("KBB") website and found the value for the Subject Vehicle by inputting the VIN number with the standard options, in "Good" condition. I also input the miles of the vehicle as 64,500 miles. The Complaint does not allege the mileage of the Subject Vehicle when it was purchased by Plaintiff. Based on my review of the file materials, and a CarFax report which indicates that the vehicle had approximately 58,000 miles in October 2021 prior to being sold to Plaintiff in February 2022, I used 64,500 miles for the KBB report and used 92646 as for the zip code for the Orange County market. Based on KBB, and as set forth in Exhibit B, the value for the Subject Vehicle using the above-mentioned parameters is $25,088.00. The website that I accessed was the following: https://www.kbb.com/whats-my-car-worth/ and I accessed this website at approximately 9:31 p.m. on November 7, 2022. Attached hereto as **Exhibit B** is a true and correct copy of the vehicle valuation that I obtained from KBB's website.

4. Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under

6

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

the laws of the State of California, wherein this action was brought. The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. Neither MBUSA nor its sole member is a citizen of the State of California. Attached as **Exhibit C** is a true and correct copy of MBUSA's Statement of Information.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 7, 2022 at Lawndale, California.



_____

MEHGAN GALLAGHER

**MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

# PROOF OF SERVICE
## (FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **November 7, 2022**, I served the following documents described as **MERCEDES-BENZ USA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER,** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

Robert L. Starr
Adam M. Rose
Theodore R. Tang
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, STE #2072
Calabasas, CA 91302
eservice@starrlaw.com
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

☐ BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **November 7, 2022** at Lawndale, California.

_____
Steve Correa